IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYNAMIC DATA TECHNOLOGIES, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>BRIGHTCOVE INC.,<br>BRIGHTCOVE HOLDINGS, INC.,<br><br>    Defendants. | Civil Action No. 19-1190-CFC |

Stephen Brauerman, BAYARD, P.A., Wilmington, Delaware

   *Counsel for Plaintiff*

Jennifer Ying, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware

   *Counsel for Defendants*

## MEMORANDUM OPINION

July 20, 2020
Wilmington, Delaware

_[signature]_
COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE

Plaintiff Dynamic Data Technologies, LLC has filed a 15-count complaint against Defendants Brightcove Inc. and Brightcove Holdings, Inc. (collectively, Brightcove) for patent infringement. D.I. 1. Before me is Brightcove's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). D.I. 12.

## I.     BACKGROUND[1]

Dynamic Data alleges that Brightcove directly infringes and induces infringement of U.S. Patent Nos. 8,073,054 (the #054 patent); 6,774,918 (the #918 patent); 6,996,175 (the #175 patent); 6,996,177 (the #177 patent); 7,010,039 (the #039 patent); 8,311,112 (the #112 patent); 7,894,529 (the #529 patent); 7,519,230 (the #230 patent); 7,571,450 (the #450 patent); 8,385,426 (the #426 patent); 7,058,227 (the #227 patent); 6,639,944 (the #944 patent); 6,782,054 (the #054 patent); 7,982,799 (the #799 patent); and 8,442,118 (the #118 patent). D.I. 1 at 1; D.I. 1 ¶¶ 150, 160. Dynamic Data also seeks enhanced damages for alleged willful infringement of each of the asserted patents. *See e.g.*, D.I. 1 ¶ 163.

---

[1] When assessing the merits of a Rule 12(b)(6) motion to dismiss, I accept as true all factual allegations in the complaint and view those facts in the light most favorable to the plaintiff. *See Umland v. PLANCO Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

Each count in Dynamic Data's Complaint alleges infringement of one of the 15 asserted patents. The asserted patents recite "image and video processing" devices, systems, and methods. D.I. 1 ¶¶ 3, 19–144.

## II. LEGAL STANDARDS FOR STATING A CLAIM

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must set forth enough facts, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

## III. DISCUSSION

### A. Direct Infringement

#### 1. Legal Standards

Liability for direct infringement arises when a party "without authority

2

makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent." 35 U.S.C. § 271(a). To plead direct infringement, "[t]he complaint must place the potential infringer on notice of what activity is being accused of infringement." *Nalco Co. v. Chem–Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation marks, alterations, and citation omitted). To provide notice, a plaintiff must generally do more than assert that the product infringes the claim; a plaintiff must show *how* the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements. *See SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) (granting the motion to dismiss because "[t]he complaint contains no attempt to connect anything in the patent claims to anything about any of the accused products").

### 2. Discussion

Brightcove asserts that every Count "fails to plausibly allege infringement of the Asserted Patents because [Dynamic Data] fails to allege factual allegations addressing every element of each asserted claim." D.I. 13 at 11. I disagree.

As an initial matter, "the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *Nalco*, 883 F.3d at 1350 (citation omitted). Rather, a plaintiff need only "place the potential infringer on notice of what activity is being accused of infringement" to

3

state a claim for direct infringement. *Id.* (internal quotation marks, alterations, and citation omitted).

Here, Dynamic Data plausibly pleads direct infringement because the allegations in the Complaint give Brightcove fair notice of how it may directly infringe the asserted patents. Dynamic Data identifies Brightcove products accused of infringing each of the asserted patents, identifies at least one claim of each asserted patent that the accused products infringe, and describes how those products infringe the identified claim.

As an example, Count I alleges infringement of the #054 patent. Count I identifies accused Brightcove products and services—the Brightcove Video Cloud, Brightcove Enterprise Video Suite, Brightcove Live, Brightcove OTT Flow, and Brightcove Zencoder—and asserts that those products infringe claim 1 of the #054 patent. D.I. 1 ¶¶ 147, 159. Count I goes on to describe how those products infringe claim 1: The accused products "enable motion estimation with a relatively fast convergence in finding the appropriate motion vectors of the motion vector fields by adding a further candidate motion vector to the set of candidate motion vectors." D.I. 1 ¶ 151. Count I also alleges that the accused products "include a motion estimation unit comprising" several elements recited in claim 1. D.I. 1 ¶¶ 152–56.

Such allegations provide Brightcove with fair notice of how it may infringe the #054 patent. Each of the other counts contains similar allegations about an asserted patent and the Complaint's 15 counts collectively plausibly allege direct infringement of the 15 asserted patents.

### B. Induced Infringement

#### 1. Legal Standards

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "To prove inducement of infringement, unlike direct infringement, the patentee must show that the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement." *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014) (citing *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66 (2011)). Thus, "[f]or an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal quotation marks, alterations, and citation omitted).

#### 2. Discussion

Dynamic Data has not stated a claim for induced infringement because it has

5

not plausibly alleged that Brightcove knew that its products infringed the asserted patents. The only allegations of Brightcove's pre-suit knowledge of infringement are conclusory statements that merely recite the legal requirements for induced infringement. *See e.g.*, D.I. 1 ¶ 162. A complaint, however, must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555 (citation omitted).

Dynamic Data argues that its Complaint plausibly alleges knowledge of infringement because each Count alleges that "Brightcove . . . was aware that its accused products allegedly infringe as of the filing of the Complaint." D.I. 13 at 18 n.18. But such allegations do not plead knowledge of infringement because the complaint itself cannot serve as the basis for a defendant's actionable knowledge. "The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim." *VLSI Tech. LLC v. Intel Corp.*, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019). For that reason, the complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement. *See id.* (holding that "the complaint itself cannot serve as the basis for a defendant's actionable knowledge" for a willful infringement claim); *Kaufman v. Microsoft Corp.*, 2020 WL 364136, at *4 (S.D.N.Y. Jan. 22, 2020) (holding that "Plaintiff's theory [of post-suit knowledge of the asserted patent] is without merit" and "not the law in

this district").

Because Dynamic Data's conclusory statements do not plausibly allege knowledge of infringement, I will dismiss the claims for induced infringement.

### C. Enhanced Damages Claims Based on Alleged Willful Infringement

#### 1. Legal Standards

Section 284 of the Patent Act "gives district courts the discretion to award enhanced damages against those guilty of patent infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). The statute provides that "the court may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. Although the Court in *Halo* intentionally "eschew[ed] any rigid formula for awarding enhanced damages under § 284," 136 S. Ct. at 1934, the Court held that the legal principles "developed over nearly two centuries of application and interpretation of the Patent Act . . . channel the exercise of [the district court's] discretion" and "limit[ ] the award of enhanced damages to egregious cases of misconduct beyond typical infringement," *id.* at 1935. Thus, enhanced damages awards under § 284 are available only in "egregious cases" of misconduct that involve more than "typical" infringement. *Id.* As the Court explained, the enhanced damages award provided by § 284 was "designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior . . . [that] has been variously described in [the Court's] cases as willful, wanton, malicious,

7

bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.* at 1932.

Although "§ 284 allows district courts to punish th[is] full range of culpable behavior," *id.* at 1933, in the vast majority of patent cases filed today, claims for enhanced damages are sought based on allegations of willful misconduct—so much so that, even though the words "willful" and "willfulness" do not appear in § 284, plaintiffs and courts more often than not describe claims for enhanced damages brought under § 284 as "willful infringement claims." Indeed, some parties and courts refer to such claims as willful infringement "causes of action" even though § 271 of the Patent Act, which creates causes of action for direct, induced, and contributory infringement, does not mention or suggest such a thing as "willful infringement."[2]

The fact that willfulness is the most common type of misconduct alleged by

---

[2] *See, e.g., Välinge Innovation AB v. Halstead New Eng. Corp.*, 2018 WL 2411218, at *5 (D. Del. May 29, 2018); *Milo & Gabby, LLC v. Amazon.com, Inc.*, 12 F. Supp. 3d 1341, 1353 (W.D. Wash. 2014); *Trs. of Univ. of Pa. v. St. Jude Children's Research Hosp.*, 982 F. Supp. 2d 518, 529–30 (E.D. Pa. 2013); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012); *Inv. Tech. Grp., Inc. v. Liquidnet Holdings, Inc.*, 759 F. Supp. 2d 387, 409 (S.D.N.Y. 2010); *Powell v. Home Depot U.S.A., Inc.*, 715 F. Supp. 2d 1285, 1290 (S.D. Fla. 2010); *Dura Glob. Tech., Inc. v. Magna Donnelly Corp.*, 665 F. Supp. 2d 787, 789 (E.D. Mich. 2009); *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 691 (E.D. Va. 2000); *Heil Co. v. Hartford Accident and Indem. Co.*, 937 F. Supp. 1355, 1361 (E.D. Wis. 1996); *In re Recombinant DNA Tech. Pat. and Contract Litig.*, 850 F. Supp. 769, 771 (S.D. Ind. 1994).

8

plaintiffs who invoke § 284 makes sense, as willful conduct "serve[s] as [the] floor for culpable behavior that may incur enhanced damages." Robert L. Harmon, Cynthia A. Homan & Laura A. Lydigsen, Patents and the Federal Circuit, § 17.3(a), at 1378 (13th ed. 2017). It also explains the Court's statement in *Halo* that enhanced damages under § 284 "should generally be reserved for egregious cases *typified* by willful misconduct." 136 S. Ct. at 1934 (emphasis added).

In assessing the egregiousness of a defendant's conduct for § 284 purposes, "culpability is generally measured against the knowledge of the [defendant] at the time of the challenged conduct." *Id.* at 1933. The Court in *Halo* rejected the Federal Circuit's requirement announced in *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc) that a patentee show "objective recklessness" in order to prove willful misconduct for § 284 purposes. The Court reasoned that the "objective recklessness" test insulated many of the most culpable infringers from § 284's punitive sanctions because it made dispositive invalidity and non-infringement defenses asserted at trial even if the infringer had not acted on the basis of those defenses or was even aware of them. In the Court's words: "Under that standard, someone who plunders a patent—infringing it without any reason to suppose his conduct is arguably defensible—can nevertheless escape any comeuppance under § 284 solely on the strength of his attorney's ingenuity." *Halo*, 136 S. Ct. at 1933. Thus, the Court held that, in cases where the asserted

basis for enhanced damages is willful misconduct, it is "[t]he subjective willfulness of [the] patent infringer, intentional or knowing, [that] may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Id.*

The Court's "intentional or knowing" clause makes clear that willful infringement is—at a minimum—knowing infringement. This standard is consistent with the Supreme Court's holding in *Global-Tech* that "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." 563 U.S. at 766. Since § 284 enhanced damages are available in cases of induced infringement, *see, e.g.*, *Barry v. Medtronic, Inc.*, 2019 WL 302886, at *17 (Fed. Cir. Jan. 24, 2019); *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1385 (Fed. Cir. 2013); *ACCO Brand, Inc. v. ABA Locks Mfrs. Co.*, 501 F.3d 1307, 1314 (Fed. Cir. 2007); *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1371 (Fed. Cir. 2004), and since, under *Halo*, § 284's enhanced damages award is reserved only for egregious cases, it would seem incongruous if not illogical to require a lesser showing of culpability for enhanced damages under § 284 than for induced infringement under § 271(b).

The Federal Circuit emphasized in *SRI International, Inc. v. Cisco Systems, Inc.*, 930 F.3d 1295 (Fed. Cir. 2019) that under *Halo* enhanced damages are available only if a showing of something more than intentional or knowing

10

infringement is made:

> As the Supreme Court stated in *Halo*, "[t]he sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." While district courts have discretion in deciding whether or not behavior rises to that standard, such findings "are generally reserved for egregious cases of culpable behavior." Indeed, as Justice Breyer emphasized in his concurrence, it is the *circumstances* that transform simple "intentional or knowing" infringement into egregious, sanctionable behavior, and that makes all the difference.

*Id.* (emphasis in original) (citations omitted).[3]

---

[3] I am aware that in *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017), the Federal Circuit held that proof that a defendant "should have known that its actions constituted an unjustifiably high risk of infringement" was enough to establish willfulness under *Halo*. In so holding, the Court expressly rejected the defendant's argument that this "'should have known' standard contradicts *Halo*." *Arctic Cat*, 876 F.3d at 1371. Two other Federal Circuit decisions issued after *Halo* held that a plaintiff can establish willfulness for § 284 purposes with proof that "the defendant acted despite a risk of infringement that was either known or so obvious that it should have been known." *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 837 F.3d 1358, 1362 (Fed. Cir. 2016) (internal quotation marks and citations omitted), *rev'd on other grounds*, 138 S. Ct. 2129 (2018); *see also WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 (Fed. Cir. 2018) (citing *Arctic Cat*, 876 F.3d at 1371) (holding that in reviewing "under the new *Halo* standard" a district court's award of enhanced damages, "we must determine whether the evidence, when viewed in the light most favorable to [the plaintiff], was sufficient to prove by a preponderance of the evidence that [the defendant] acted despite a risk of infringement that was either known or so obvious that it should have been known to [the defendant]"). All three of these cases were decided before *SRI*, and, in my view, cannot be reconciled with *Halo*. I will therefore follow *SRI*.

11

Neither the Supreme Court in *Halo* nor the Federal Circuit in *SRI* directly addressed the pleading requirements for an enhanced damages claim. Because of the difficulty in articulating precisely the range or type of circumstances that would transform a "simple 'intentional or knowing'" infringement claim into an enhanced damages claim, the safest course is to allow an enhanced damages claim to proceed beyond the pleadings stage if the operative pleading alleges facts from which it can be plausibly inferred that the party accused of infringement had knowledge of the asserted patent and knowledge that the party's alleged conduct constituted, induced, or contributed to infringement of the asserted patent. And since the doctrine of willful blindness applies in patent cases, *see Global-Tech*, 563 U.S. at 766, a willful infringement-based claim for enhanced damages survives a motion to dismiss if it alleges facts from which it can be plausibly inferred that the party accused of infringement (1) had knowledge of or was willfully blind to the existence of the asserted patent and (2) had knowledge of or was willfully blind to the fact that the party's alleged conduct constituted, induced, or contributed to infringement of the asserted patent.

### 2. Discussion

Dynamic Data has failed to state a claim for enhanced damages based on willful infringement because it has not alleged any facts establishing Brightcove's knowledge of infringement. Dynamic Data argues that it "properly pleads pre-suit

knowledge of the asserted patents by Brightcove sufficient to sustain at the pleading stage a claim of willful infringement." D.I. 16 at 19.  To state a claim for enhanced damages based on willful infringement, however, Dynamic Data must allege not only that Dynamic Data had knowledge of the asserted patents, but also that Brightcove had knowledge of its infringement of the asserted patents.  Accordingly, I will dismiss Dynamic Data's claims for enhanced damages.

    The Court will enter an order consistent with this Memorandum Opinion.